Good morning, Cornbell. On behalf of David Paine, may it please the Court, I'd like to reserve two minutes for rebuttal at the end. Paine's conviction for 31111 does not relate to child pornography for purposes of 2252 Big A's enhancement provision. The analysis here should be straightforward. Child pornography is defined for purposes of 2252 Big A at 2256. So though the predicate need only relate to child pornography, that term, child pornography, must be as defined in 2256. Both parties agree that when you map 31111 onto that definition of 2256, it's categorically overbroad in three ways. Second, for purposes of 2252 A, this Court has never construed relating to, to alter or relax in any way the strict categorical approach, even when, as in Strickland, this Court confirmed... Is there anything that precludes us from doing that? Yes, Your Honor. I mean, just, if we're writing on a clean slate, I'm not sure we are, but if we're writing on a clean slate, you might say that a statute that's too broad to, for federal purposes, to be child pornography could still relate to child pornography, because the word relate to is sort of a loosey-goosey term that suggests that you go beyond the limits of whatever the thing relates to, right? So why shouldn't we just say, well, you know, it obviously deals with child pornography. The state statute deals with child pornography in the generic sense. Yes, Your Honor. There are four problems... Why wouldn't that be relating to child pornography? There are four problems with, or at least four problems with that approach. The first problem is practical. It doesn't create a uniform rule that can be applied nationally. Instead, it's not a rule, but rather a delegation... That is true of all statutes dealing that incorporate state law in some way. And, you know, if you get convicted in New Jersey, you're going to be in a different situation than if you commit the same act in Montana. That's the beauty of the Taylor categorical approach, that it provides a uniform rule that's universally applicable. I've never heard that as being described as beautiful. For those of us that have to apply it. Yes, many other adjectives. It's certainly complex in its application, but it does provide... Yeah, I've heard that. And it also provides interoperability between different bodies of law. Here, the question would be, how would an individual judge decide whether a predicate relates to the generic federal offense? Is it based on the degree of overlap? Is it based on gut instinct? Is it based on harm to the victim? And I think that here what we have is 311.11. There are eight ways in which you can be... Or eight types of conduct that are penalized under 311.11. But you're not writing on quite as blank a slate now after Sullivan, are you? Sullivan is... I mean, I think you've got to deal with Sullivan. And then I think that we may have to deal with a panel previous to us has a similar issue that's been submitted. It's going to be ahead of us, so... Very well. Sullivan is not controlling here. First of all, the court dealt with a different statutory language, sexual abuse. This court has never construed relating to child pornography when child pornography is defined in 2256. That distinction is critical. Second, Sullivan itself did not feel bound by this court's jurisprudence in the 2252A realm. So to the extent there's tension or conflict, and I believe there is, it is this court's case law in the 2252A realm that should control. But isn't the central issue in this case what relating to means? Doesn't Sullivan help us on that issue? In other words, it doesn't have to be identical. Well, it's looser than that. So Sullivan. And I think everyone agrees that relating to has a broadening effect. The question here is what is that effect when Congress has made a legislative judgment about what constitutes child pornography? That legislative judgment has incorporated and taken into account the Supreme Court's 2002 decision in Ashcroft. So you say everybody agrees it has a broadening effect. Correct. And the question for this court is what is that broadening effect? Right. So our answer here is it's twofold. First, it sweeps in state offenses that contain the core elements of the federal offense here defined by 2256. Second, it sweeps in offenses ancillary to the core offense as in this court's Wiles decision, such as conspiracy, attempt, aiding and abetting. So the question presented to this court is what does relating to mean? And this court has a line of cases dealing with how to construe relating to in the context of sexual abuse for 2252A. And the way the court approached that there, where sexual abuse was not statutorily defined, was to look to relating to in choosing the generic federal definition. But thereafter, that was scenarios. But thereafter, the court applied a strict categorical matching analysis. It went on to Strickland. And that was a decision authored by Your Honor Judge Callahan with a concurrence by Your Honor the Chief Judge. And there the court confronted a Maryland predicate offense for child abuse, which was both covered sexual abuse of a child as well as physical injury to a child. And the court could have there said, well, we find it's not a categorical match, as the court did, and we further hold that relating to has a broadening effect. It relaxes Taylor. In fact, it really does away with Taylor. We don't even need the first matching step because all we need to ask is in our subjective opinion, do we think that this bears upon or stands in relation to? The court did not do that in Strickland. Instead, the court applied the modified categorical approach. The other problems and pitfalls with the Sullivan approach, in addition to the practical problems, are doctrinal insofar as it splits a uniform Taylor approach, and it undercuts that concern for uniformity, national uniformity, as well as interoperability. A constitutional problem insofar as it creates real due process notice and vagueness problems if you will have judges and their subjective opinions trying to decide. For example, the question presented to the court. Oh, we'll come up with a five-part test. Well, and I think that that in and of itself creates a problem with Taylor because there is this approach. There's nothing in Taylor that precludes that. Right. Taylor deals with a situation where you have to have a match because Congress referenced a specific crime. Here we have the relating to language. There's nothing in Taylor that, I mean, you still apply Taylor step one, but it just becomes a very much broader definition because it's not just the statute itself, but it's relating to. Is there anything that precludes us from doing what Judge Hart suggested, which is to come up with a test that gives guidance to district courts, but essentially says if it's close enough, select horseshoes? I don't think that. I think that the court could do that. I think that these potential pitfalls counsel against it. I don't think that it's a workable approach to Taylor when you have these kind of side spurs or this splintering off where you say, well, Taylor is the strict categorical matching test in this context. But when you have the relating to language, you do something different. Congress obviously meant us to do something different because it used that language. It knows perfectly well how to name an offense when it chooses to, and then it adds relating to. I think probably Congress looks at what we do and says, boy, that's creating a lot of problems, and this is much stricter than we really meant to do it. So they started passing statutes that have relating to. But I think that Congress also in this context was very clear about what 2256 means, and there are five types of conduct that are covered by 2256. There are eight types of conduct that are covered by 3111. And in that context, the question is what does relating to mean? And another problem, and I do want to reserve just a moment for rebuttal, but another problem is that that kind of reading of relating to would render superfluous large swaths of the statute. So if Congress meant to do that, then why say sexual abuse, aggravated sexual abuse, abuse of sexual conduct of a binder? Why say possession, distribution, sale, receipt, transportation of child pornography? If that's the reading Congress meant, all of those things would be related to each other, and it would have been simply enough to say related to. So I don't think that that is the best interpretation in this context where Congress has spoken about what conduct most directly harms minors. Thank you. You may proceed. Thank you, Your Honor. May it please the Court. Anthony Brown from the United States. Your Honor, nothing prevents the Court from applying the Taylor categorical approach in this context in the way the Court had described. In fact, the- Well, those were just questions. Why don't you now explain to us why we should? Here's why you should. The statute's plain meaning says that the Court is not supposed to just define the federal generic predicates as equivalent to any state offense that is listed there in the statute, but it also includes offenses that are related to the offenses that are listed there. This Court in Cenarius interpreted that language to mean, and I think you now all agree, that that language has a broadening effect. And what Cenarius did is it said we're going to apply the Taylor categorical approach that the Court recognizes in other contexts, but in this case, because it's related to language, we're going to apply that first step of the Taylor categorical approach by defining the generic offense more broadly. This is on page 740 of Cenarius. Now, the defendant repeatedly claims that Cenarius only dealt with the related to language when talking about the definition of sexual abuse, but the Court plainly says the relevant offenses under section 2252A, subsection B, are those relating to aggravated sexual abuse, sexual abuse, etc. And so it's clear from Cenarius' approach that in the first step of the Taylor categorical analysis, the Court has to describe the predicate offenses broadly. It includes possession of child pornography and offenses that relate to possession of child pornography. Well, but how can we limit the relating to language from reaching constitutionally protected conduct while still encompassing the offense at issue here? Well, for one, there shouldn't be any constitutional issue here because the offense occurred after the Supreme Court's decision about the First Amendment. The offense here occurred in 2004. The Supreme Court's decision regarding the First Amendment with respect to child pornography occurred in 2002. And I believe in the briefing, the defendant has conceded that there is no First Amendment issue that should give the Court pause. Also, as this Court has twice now recognized, California's definition of child pornography is so close to the definition of child pornography in 2256 that it's virtually indistinguishable. Those are the words from the Ninth Circuit in Tishhammer and also in Armijo v. Mukasey. In both cases, the Court was applying the categorical approach, one in the immigration context and one specifically in light of scenarios. Well, but this is not one of those things that it either is or it isn't broader. It doesn't matter whether it's sort of almost broader. No, I guess what I'm saying, Your Honor, is that happily in this case, what we're dealing with is a statute that is so close to the definition of child pornography that it's provided under federal law. But that's the question, is the fact that it's very close in definition, does that make it relating to it? Relating to it does not seem to, or at least not naturally, doesn't mean sort of almost. It seems to have, suggest some other kind of relationship. I think, I don't agree, Your Honor. For a couple, I think I can approach this in two ways. First, I think relating to could mean almost or close enough. It doesn't need to have some kind of relationship as under Wiles where the Court found that attempt is relating to the substantive offense. I think relating to should be almost but not exactly. I think that's a common sense way of interpreting relating to. And then the second argument that I'd like to make is that I think that the definition of child pornography in the penalty provision of 2252A does not have to be interpreted in light of 2256. And here's the main reason why. 2256 child pornography applies certainly to the conduct that's described, the criminal conduct described in 2252A. But we're talking about a penalty provision here, not criminal conduct. And not just a penalty provision, but a clause that is designed to look to state offenses and not to federal offenses. In fact, it looks particularly away from state offenses because earlier in Subsection B, it describes crimes under Chapter 110, which would include possession of child pornography. Well, what about Sullivan? Does it determine the outcome here or does it just help you? I mean, counsel for appellant says it's not determinative. It is determinative because Sullivan recognizes what Cenarius said seven years before, which is that, and Farmer recognizes, that even a state offense that doesn't share all the elements of the federal predicate offense that's listed in Subsection B can also qualify as a predicate offense if it relates to that offense. And Sullivan makes that very clear. In fact, I think in Sullivan, in interpreting sexual abuse of a minor, it recognized that the generic federal crime as defined in Estrada Espinoza has a mens rea element that wasn't shared by the California crime. So the California crime was clearly broader. And under this normal Taylor analysis that you might find in other contexts, it wouldn't qualify categorically as a predicate offense. But in light of the relating to language in Subsection B, it does under Sullivan qualify as a predicate offense. Well, now, if you were, just hypothetically, if you were to lose on that issue, would you try the modified categorical approach on remand? That wouldn't happen in this case because, as indicated in the defendant's brief on page 11, and this is footnote four of the reply brief, the charging document in this case just contained allegations that said the defendant possessed child pornography under the definition. And when the defendant pleaded, the tall form also said that he was just pleading to the element of possessing child pornography. And so the records weren't available. My guess is that that is almost always going to be the case. In fact, it would be the rare case when someone charged with possession of child pornography under federal law or state law would admit to, would admit either at the plea colloquy or the felony complaint would contain allegations that would describe the actual pornography so that we would know whether it fit within the federal definition or not. Compare that to allegations of, you know, alleged health and safety code violations that include controlled substances in California, where the allegation might be sale and transport of a controlled substance to wit cocaine or to wit methamphetamine. And frequently in the tall form, the defendants will admit to that. We can use those documents under the modified categorical approach. Those don't exist in child pornography crimes because no one admits to containing an image of approximately 12 year old girl engaged in sex acts. That's not the way those kind of crimes are alleged by prosecutors. It's not the way the defendants plead to them. So my guess is that we're almost always going to be in the categorical approach for these particular kinds of crimes. Thank you. Thank you. You are out of time. Would you like to take a minute for rebuttal? Yes, please. Go ahead. Strickland belies the point just made by the government. That was a case where the modified categorical approach was applied with success for the government. There is a constitutional peril here. The court is making a rule not just for this case but for all cases. That was discussed, and it's in the record by Judge Morrow in the Welton opinion in terms of the 2002 Ashcroft decision. Did you find anything defective in the Sullivan case's comparison of the offenses in question? I mean, they went through it rather carefully. They explained how it relates to. Was there anything wrong with the way they thought that through? Well, yes. I think that it's simply not analytically tenable to say even though there are two missing elements, we're nonetheless going to say that this stands in some relation to the generic federal offense. But I will say that it was very context-specific, and the reasoning there does not apply here because the court specifically said that the missing element relates to the culpability of the defendant, not to the harm of the minor. Here we have Congress delineating what conduct most harms minors in 2256. So to the extent that was the underpinning in terms of the reasoning, I don't think it applies here. In terms of Armijo and Tishhammer, those were memorandum dispositions. The arguments here were neither presented nor considered by the court. Armijo didn't even deal with this provision but rather the INA. 2256, I think it's clear, based on Supreme Court precedent, defines child pornography. That's, for example, the Stenberg decision. Cenarius itself was quite clear at page 743. Thank you. Thank you, Your Honors. The case is argued and submitted.
judges: KOZINSKI, TROTT, CALLAHAN